UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Wee Care Child Care Center, Inc., et al. | )<br>) CASE NO. 2:08 CV 193<br>) |
| Plaintiffs, | ) JUDGE SARGUS<br>) |
| vs. | ) MAGISTRATE JUDGE ABEL<br>) |
| Ohio Department of Jobs and Family<br>Services, et al. | )<br>)<br>) |
| Defendants. | )<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss Plaintiffs' Complaint. (Docs. 14, 18).

I.

Plaintiffs Wee Care Child Center, Inc. and Tonya Brown ("Plaintiffs" or "Wee Care") have asserted several federal and state causes of action against Defendant the Ohio Department of Jobs and Family Services ("ODJFS") and six individual employees of ODJFS ("individual defendants"). Plaintiffs seek damages arising out of the alleged failure of ODJFS to process Plaintiffs' application for renewal of its child daycare license in a timely fashion. For their federal causes of action, Plaintiffs assert that ODJFS and its employees acted with racial animus, in violation of 42 U.S.C. §§ 1983, 1981, 1985 and 1986.

Defendants initially moved to dismiss Plaintiffs' complaint under Federal Civil Rules 12(b)(1) and 12(b)(6). Subsequently, on December 5, 2008, Plaintiffs filed a complaint in the Ohio Court of Claims against the state of Ohio and ODJFS, arising out of the same facts and circumstances as those alleged the federal case. (See Complaint, doc. 18 at Ex. A).

As a result, Defendants filed a second motion to dismiss Plaintiffs' complaint, contending that the waiver provision of Ohio Revised Code § 2743.02(A), as applied by the Sixth Circuit Court of Appeals in *Leaman v. Ohio Dept. of MRDD*, 825 F.2d 946 (6th Cir. 1987), mandates dismissal of the individual defendants. The Court finds that Plaintiffs' complaint fails to state a claim against all Defendants, and accordingly, Defendants' Motions to Dismiss are **GRANTED**, subject to the condition discussed below.

## II.

The factual background of this case is not relevant to the legal issues before the Court and will not be recited at length. In summary, Wee Care is a daycare center owned and operated by Plaintiff Tonya Brown, and African-American. Wee Care's operating license expired on December 29, 2005. Wee Care alleges that it timely applied to ODJFS for renewal of its license, but that ODJFS' delay in processing the renewal led to Wee Care closing its doors in March, 2007. Plaintiffs assert that ODJFS and its employees' racially motivated conduct deprived Plaintiffs of their constitutional rights of due process.

The complaint and the parties' memoranda on the motions to dismiss raise numerous issues, only two of which need to be addressed for disposition of this matter: 1) the doctrine of sovereign immunity as applied to this suit for money damages as against ODJFS, a State agency; 2) the application of O.R.C. § 2743.02(A), and whether Plaintiffs' suit in the Ohio Court of Claims bars this action against the individual Defendants.

### A.  *Eleventh Amendment Sovereign Immunity*

Defendant ODJFS, a State agency, seeks dismissal on the grounds that it is immune from suit under the Eleventh Amendment to the United States Constitution. It is well settled that "[i]n

2

the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. With limited exceptions not applicable in this case, the amendment generally bars suits brought in federal court by private parties seeking to impose a liability that must be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Its prohibition includes suits by citizens against their own state or state agencies. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Alabama v. Pugh*, 438 U.S. 781 (1978); *Hans v. Louisiana*, 134 U.S. 1 (1890). The amendment applies to actions brought under 42 U.S.C. § 1983. *Edelman*, 451 U.S. at 675-77; *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (Section 1983 "creates no remedy against a State.").

As a State created, operated, and financed institution, ODJFS is clearly an arm of the State entitled to Eleventh Amendment protection. See Ohio Rev. Code §§ 121.02, 5101.01. Plaintiffs have specifically alleged, and do not dispute that ODJFS is a State agency. ODJFS has not consented to this lawsuit. Rather, Plaintiffs suggest that Ohio Rev. Code § 9.87 constitutes the State's consent to suit.[1] Plaintiffs have cited no case law, and the Court has found none, standing for the proposition that the Ohio statute defining the scope of indemnification available

---

[1] Ohio Rev. Code § 9.87(A) states, in part, "The state...shall indemnify an officer or employee from liability incurred in the performance of official duties by paying a judgment in, or amount negotiated in settlement of any civil action arising under federal law...."

3

to State employees constitutes consent by the State to be sued for money damages.

ODJFS is hereby dismissed for Plaintiffs' failure to state a claim against it upon which relief can be granted.

### B. *Ohio Revised Code § 2743.02(A)(1)*

The second issue in this case involves the application of Ohio Rev. Code § 2743.02(A)(1). That section waives Ohio's Eleventh Amendment protection from actions brought in a specially created Court of Claims. To obtain such waiver, the Plaintiffs must waive their right to bring claims against State officers or employees that arise from the same act or omission that formed the basis of the suit against the State. Ohio Rev. Code § 2743.02(A)(1). Plaintiffs' waiver is void if the Court of Claims determines that the State officer or employee was acting outside the scope of his employment or acted with malicious purpose, bad faith, or in a wanton or reckless manner. *Id.*

This case is not procedurally distinguishable from *Leaman v. Ohio Department of Mental Retardation and Developmental Disabilities*, 620 F.Supp. 783 (S.D. Ohio 1985), *aff'd* 825 F.2d 946 (6th Cir. 1987) (*en banc*). In *Leaman*, the plaintiff was a State employee who brought suit in federal court under 42 U.S.C. § 1983 against the Ohio Department of MRDD and several officials, alleging that her discharge by the Department violated her constitutional rights. She subsequently filed a complaint against the Department in the Ohio Court of Claims, based on the same facts as those alleged in her federal suit. The district court dismissed plaintiff Leaman's § 1983 action against the individual defendants on the grounds that, under Ohio Rev. Code § 2743.02(A)(1), Leaman waived her causes of action against the individual defendants by filing suit against the Department in the Court of Claims.

4

The Sixth Circuit affirmed the dismissal. An *en banc* majority held that Ohio's waiver statute unambiguously waived *any* cause of action, including federal claims, against individual State employees when the plaintiff elects to sue the State in the Court of Claims. *Leaman*, 825 F.2d at 951-52. Ohio Rev. Code § 2743.02(A)(1) states, in part:

> [F]iling a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Since *Leaman*, courts in this Circuit have routinely applied Ohio Rev. Code § 2743.02(A)(1), to dismiss federal claims brought against State employees when the plaintiff elects to sue the State in the Ohio Court of Claims. In *Nichols v. Bonniwell*, 875 F.2d 866 (6th Cir. 1989), the Court of Appeals affirmed such a dismissal. Plaintiff Nichols had been an assistant dean at the University of Akron, a State university. Following his discharge, he filed suit in federal court against the associate provost, stating a claim for due process violations under 42 U.S.C. § 1983. Subsequently, the plaintiff sued the university in the Ohio Court of Claims. The district court dismissed plaintiff's federal action on the grounds that, under Ohio Rev. Code § 2743.02(A)(1), plaintiff waived any cause of action against the individual defendant by filing an action against the State based on the same alleged facts. 875 F.2d at *3-4. As in *Leaman*, the dismissal was properly conditioned upon the Court of Claims' finding that defendant had not acted outside the scope of his employment, with maliciousness, bad faith, wantonness, or recklessness. *Id.* at fn 3.

The Court of Appeals affirmed, citing *Leaman*, and holding that Ohio Rev. Code §

5

2743.02(A)(1) does not impermissibly infringe Section 1983 remedies for constitutional violations. Rather, "the Court of Claims Act offers claimants a better deal than they would have without it. . . [F]ar from requiring that any claimant's constitutional rights be bartered away, [the Act] afford[s] claimants a superior mechanism for vindicating their rights. Constitutional rights may not be extinguished by any statute, state or federal, but this truism does not mean that suits or potential suits for alleged violations of such rights may not be compromised or waived." *Nichols*, 875 F.2d at *7-8 (citing *Leaman*, 825 F.2d at 956; *Home Ins. Co. of New York v. Morse*, 87 U.S. 445, 451 (1874)). *See also Thompson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995) (Affirming the district court's dismissal of plaintiff's § 1983 claims, following *Leaman*, and explaining "our circuit interpreted the Court of Claims Act as establishing a quid pro quo, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees. Such a bargain did not impose an "unconstitutional condition" because until Ohio abandoned its sovereign immunity in the statute, plaintiffs had no cause of action at all."); *Plinton v. County of Summitt*, 540 F.3d 459, 462-63 (6th Cir. 2008) ("The Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim."); *White by Swafford v. Gerbitz*, 860 F.2d 661, 664 (6th Cir. 1988) (barring claims in federal court under a "nearly identical waiver statute" as in *Leaman* where the "plaintiff waived his federal cause of action [against state employees] when he subsequently filed a similar claim [against the state] before the Tennessee Claims Commission").

Wee Care has followed the same path as that taken by plaintiffs in *Leaman*, *Nichols*, *Thompson* and others, first filing suit in federal court asserting claims against State employees

6

under Section 1983, and then going to the Court of Claims seeking money damages against the State, and a finding that the State's agents acted outside the scope of their sovereign immunity. The law in this Circuit is clear that, by electing to sue the state of Ohio in the Court of Claims for the same alleged conduct as that giving rise to their federal case, Plaintiffs have waived *any* claims, state or federal, against the individual, State employee defendants unless and until the Court of Claims determines that an individual defendant acted outside the scope of his employment or in bad faith. *See Leaman*.

By filing in the Ohio Court of Claims, Plaintiffs have made a knowing, intelligent and voluntary waiver of their rights to bring claims against officers and employees of the State. *See Leaman*, 620 F.Supp. at 786. In exchange for that waiver, they have the right to proceed against the State itself. The Court will enforce Plaintiffs' waiver, and accordingly, the Court finds that as of this juncture, Plaintiffs have failed to state a claim against the individual defendants.

### III.

For the foregoing reasons, Defendants' Motions to Dismiss (docs. 14 and 18) are **GRANTED** as to defendant ODJFS. Defendants' Motions to Dismiss are **GRANTED** as to the individual defendants with the condition that Plaintiffs may refile in this Court against the individual defendants if and when the Ohio Court of Claims finds that they acted outside the scope of their employment, with maliciousness, bad faith, wantonness or recklessness. The statutes of limitations on Plaintiffs' federal claims are therefore tolled until such a time as the Court of Claims makes its findings. *See Thompson*, 65 F.3d 1314 at fn 8; *Leaman*, 620 F.Supp. at 786.

The Clerk is **DIRECTED** to enter judgment in favor of Defendants and to dismiss this case.

**IT IS SO ORDERED.**

1-23-2009
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**